IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANNA CEJA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 4882 |
| | ) | |
| COOK COUNTY FOREST PRESERVE | ) | |
| DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Cook County Forest Preserve District's (District) motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Plaintiff Anna Ceja (Ceja) states that she began working as an accountant and bookkeeper for the District in October of 2003. Ceja alleges that, beginning in the first quarter of 2005, she was sexually harassed at work and subjected to a hostile work environment on an ongoing basis by two of her superiors. Ceja claims that she reported the sexual harassment and hostile working conditions to the District as they

1

occurred. Ceja contends that in November 2006, due to ongoing federal investigations, the District created a Department of Human Relations (Department) for the publically stated purpose of investigating and eliminating political hiring and ensuring merit hiring. Ceja states that she and five others were selected to work for the Department. Ceja contends that during January 2007, she complained to the Department regarding the District's continuing practice of hiring people on the basis of political associations. Ceja alleges that on February 15, 2007, the District fired Ceja because of her complaints regarding the sexual harassment and hostile work environment, and/or because she reported Defendant's illegal hiring practices to the Department. Ceja states that others in the Department were also allegedly fired on that date. Ceja claims that other employees who were allegedly fired the same day were subsequently either rehired or offered consulting contracts. According to Ceja, some were also offered full back pay. Ceja states that she was not rehired or offered a consulting contract or back pay. Ceja contends that she applied for reinstatement of her employment in February of 2008, and that the District denied her reinstatement in retaliation for her complaints of sexual harassment and hostile work environment. Ceja alleges that on March 17, 2008, she filed a charge of discrimination against the District with the Equal Opportunity Employment Commission (EEOC). On August 10, 2009, Ceja filed the instant action against the District. Ceja's complaint includes a claim alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (Title VII)(Count I), and in the alternative, a state law claim for retaliation under the Illinois

Whistleblower Statute, 740 ILCS 174/1, et seq. (Count II). The District has moved to dismiss Ceja's claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (U.S. 2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has stated that the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

**DISCUSSION**

I.  Claim for Retaliation Under the Illinois Whistleblower Statute (Count II)

The District argues that Count II must be dismissed because it is barred by a one-year statute of limitations period pursuant to the Illinois Local Government and Government Employees Tort Immunity Act, 745 ILCS 10/1-101, et seq..  Ceja does not oppose the District's motion to dismiss Count II (Resp. at 1).  We therefore dismiss Count II of Ceja's complaint.


II.  Claim for Retaliation in Violation of Title VII (Count I)

The District moves to dismiss Count I.


A.  Statute of Limitations Issue

The District argues that Count I should be dismissed because Ceja failed to file a charge of discrimination with the EEOC within 300 days of her termination.  Ceja argues that this court should deny the District's motion to dismiss because Count I relates to the District's failure to rehire Ceja, not to Ceja's termination.  In the state of Illinois, to bring a claim under Title VII, a plaintiff must file a charge with the EEOC within 300 days of the occurrence of an alleged discriminatory act.  *Hentosh v. Herman M. Finch University Health Sciences/The Chicago Medical School*, 167 F.3d 1170, 1173 (7th Cir. 1999); 42 U.S.C. §2000e-5(e).  Ceja contends that her claim is timely because she filed her EEOC charge approximately 45 days after the District's retaliatory act, which was the District's failure to rehire her.

Failure to rehire can constitute a retaliatory act under Title VII. *See Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 67 (2006)(holding that the scope of Title VII's anti-retaliation provision extends to post-employment retaliatory acts). Thus, we find that Count I of Ceja's complaint is not time barred.

B. Methods of Proof

The District also argues that Count I should be dismissed because Ceja cannot establish a reasonable inference of retaliation with respect to the District's failure to rehire Ceja because the District's failure to rehire Ceja occurred more than a year after Ceja allegedly made complaints about being subjected to sexual harassment and a hostile work environment. When there has been a substantial time lapse between a protected activity and an alleged retaliatory act, there cannot be a reasonable inference of retaliation absent other facts and circumstances. *See, e.g., Oest v. Illinois Dept. of Corrections*, 240 F.3d 605, 616 (7th Cir. 2001)(assessing the implication of temporal proximity between a protected activity and an adverse employment action in the context of a summary judgment motion). Ceja does not dispute this well established legal principal. Instead, Ceja argues that even though the time lapse between her complaints and the District's failure to rehire her precludes an inference of retaliation (Resp. at 2-3), such an absence of an inference only forecloses Ceja from proving retaliation through the indirect method, which uses the burden-shifting paradigm established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Ceja states that "[i]nferences of retaliation are

5

applicable only to the indirect method of proving retaliation. . . . [and] have no connection to, and are irrelevant with respect to, the direct method." (Resp. at 3).

The direct method of proof requires a plaintiff to show "that: (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action taken by the employer; and (3) there was a causal connection between the two." *Hobbs v. City of Chicago*, 573 F.3d 454, 463 (7th Cir. 2009)(citing *Humphries v. CBOCS West, Inc.,* 474 F.3d 387, 404 (7th Cir. 2007). In contrast, the indirect method requires a plaintiff to show that she "(1) engaged in a statutorily protected activity; (2) met h[er] employer's legitimate expectations; (3) suffered an adverse employment action; and (4) was treated less favorably than similarly situated employees who did not engage in statutorily protected activity." *Turner v. The Saloon, Ltd.,* 2010 WL 424580, *8 (7th Cir. 2010)(quoting *Amrhein v. Health Care Services Corp.,* 546 F.3d 854, 859 (7th Cir. 2008)). While the requirements for proving retaliation under each method are different, "[t]he distinction between the direct method of proof and the indirect method of proof 'is often fleeting' largely '[b]ecause both methods allow the use of circumstantial evidence.'" *Turner,* 2010 WL 424580 at *8 (7th Cir. 2010)(quoting *Martino v. MCI Commc'ns Servs., Inc.,* 574 F.3d 447, 452 (7th Cir. 2009)). Thus, a plaintiff can use either direct evidence or circumstantial evidence to show the requisite causal link between a sexual harassment complaint and an adverse employment action under the direct method. *See, e.g., Argyropoulos v. City of Alton,* 539 F.3d 724, 733 (7th Cir. 2008). The direct and indirect methods of proving retaliation are applied only at the summary judgment stage of the proceedings. They

are not relevant to the court's analysis of a Rule 12(b)(6) motion to dismiss.

### C.  Plausible Inferences

The District has argued that because the allegations in Ceja's complaint do not support a plausible inference of retaliation, the complaint does not satisfy the pleading standards established in *Iqbal*.  As discussed above, under *Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  129 S.Ct. at 1949 (internal quotations omitted)(quoting *Twombly*, 550 U.S. at 570).  When assessing facial plausibility, the court must consider whether the plaintiff has pled "factual content that allows the court *to draw the reasonable inference* that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949 (emphasis added)(citing *Twombly*, 550 U.S. at 556).  A plaintiff is not required to "plead facts that, if true, establish each element of a 'cause of action. . . .'"  *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later").  However, the pleading standard established in Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555)(citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  As the Supreme Court has repeatedly held, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of

the elements of a cause of action will not do.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555). Thus, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 557).

Given Ceja's implicit concession that the allegations related to the timing of the District's failure to rehire her do not plausibly suggest the District retaliated against her, the only facts that Ceja alleges that might plausibly suggest that the District retaliated against Ceja are facts that relate to other terminated employees who were later rehired, offered consulting contracts, or offered back pay. However, Ceja makes such allegations only in connection with her Count II claim under the Illinois Whistleblower Statute. (Compl. Ct. II, Par. 7). Count II of Ceja's complaint has already been dismissed. Ceja does not allege that the other terminated employees who were later rehired, offered consulting contracts, or offered back pay fall outside the protected class that would be relevant to her Count I retaliation claim.

### D. Allegation of Termination

Ceja does allege in Count I that she was terminated on February 15, 2007, in retaliation for her complaints of sexual harassment and a hostile work environment. (Compl. Ct. I, Par. 7). Even though Ceja's termination occurred outside the 300-day time period for filing a charge with the EEOC and is therefore not actionable, we have considered her termination as background support for Ceja's timely claim regarding the District's failure to rehire her. *See National Railroad Passenger*

8

*Corporation v. Morgan*, 536 U.S. 101, 113 (2002)(holding that the statute of limitations does not bar a plaintiff "from using prior bad acts as background evidence in support of a timely claim"); *O'Neal v. City of Chicago*, 588 F.3d 406, 409 (7th Cir. 2009). Even considering Ceja's termination as relevant background information, the complaint does not plausibly suggest there was some connection between her complaints, her termination, and the District's failure to rehire her. Ceja does not allege any details related to the process she undertook when she sought to be rehired. For example, Ceja does not allege that the District was hiring accountants at the time she applied. Nor does Ceja allege that the same people who harassed her, the same people to whom she reported the harassment, or the same people who terminated her had any influence over the District's decision not to rehire her. Given the absence of factual allegations that would plausibly suggest Ceja's application for rehire was denied by the District in retaliation for Ceja's earlier complaints, Ceja cannot defeat the statute of limitations related to her termination and resurrect a claim simply by reapplying for and being denied a job more than a year after her termination. Thus, even taking into account Ceja's allegation related to her termination, Ceja has not pleaded facts that would allow the court to draw a reasonable inference of retaliation in Count I. Therefore, we grant the District's motion to dismiss Count I.

## CONCLUSION

Based on the foregoing analysis, we grant the District's motion to dismiss in its entirety.


_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated:   February 23, 2010